Filed 7/15/14  Lang v. Unemployment Ins. Appeals Bd. CA2/6

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

DONG LANG,

   Plaintiff and Appellant,

v.

UNEMPLOYMENT INSURANCE
APPEALS BOARD,

   Defendant and Respondent.

2d Civil No. B247840
(Super. Ct. No. 56-2012-415239-
CU-WM-VTA)
(Ventura County)

      Dong Lang, acting as her own attorney, appeals from the order denying her petition for writ of mandate (Code Civ. Proc., § 1094.5; Unemp. Ins. Code, § 410) seeking to compel the Unemployment Insurance Appeals Board (Board) to grant her claims for benefits under the Supplemental Appropriations Act of 2008 (Pub.L. No. 110-252) (Federal Act)[1] and extended duration benefits (FED-ED benefits) under the Federal–State Extended Unemployment Compensation Act of 1970, as amended.  For nearly three years, appellant received a combination of regular unemployment benefits, emergency benefits, and FED-ED benefits.  Here she seeks additional emergency and FED-ED benefits under her 2009 regular claim. Appellant contends the trial court

_____

      [1] All undesignated statutory references are to the Federal Act (Supplemental Appropriations Act of 2008 (Pub.L. No. 110-252) 26 U.S.C. § 3304 note).  The Federal Act is not codified in the United States Code, but its text is printed as a note following section 3304 of title 26 of that code.

misinterpreted the relevant federal statutes and regulations and erred in concluding she was not eligible for such benefits under that claim. We respectfully disagree and conclude the trial court correctly ruled that appellant was not eligible for additional benefits under her 2009 claim. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant collected unemployment benefits of $450 per week for two years, beginning in April 2008, when she filed a claim for regular unemployment benefits (2008 regular claim) with the Employment Development Department (EDD). Because she filed in April 2008, her base period for that claim was the one-year period that ended on December 31, 2007. (Unemp. Ins. Code, § 1275.)[2] The EDD calculated her weekly benefits of $450 based on her 2007 earnings. It paid appellant benefits through February 28, 2009, under her 2008 regular claim. The EDD then paid appellant emergency benefits weekly through April 11, 2009.

In April 2009, appellant filed a claim for regular unemployment benefits (2009 regular claim). The base period for her 2009 regular claim was the one-year period that ended on December 31, 2008. The EDD paid her regular benefits of $450 weekly through November 7, 2009. The EDD then reinstated the remaining unpaid benefits of her prior claim for emergency benefits through February 13, 2010. Effective February 14, 2010, appellant received weekly benefits through April 10, 2010.

In April 2010, appellant filed a claim for regular unemployment benefits (2010 regular claim). The base period for the 2010 claim was the one-year period that ended on December 31, 2009. She received a weekly benefit of $97, based on her highest quarter of earnings ($2,513). Appellant had no other earnings in 2009. The EDD paid appellant regular benefits of $97 weekly through July 10, 2010, under her 2010 regular claim. It subsequently paid her the remaining benefits payable under her previous emergency claims, at the rate of $97 per week, through January 11, 2011.

---

[2] California Unemployment Insurance Code, section 1275 defines the "base period" by reference to a claimant's "benefit year," which is defined as "the 52–week period beginning with the first day of the week with respect to which the individual first files a valid claim for benefits." (*Id*. at § 1276.)

In 2011, appellant requested additional emergency and FED-ED benefits under her 2008 and 2009 regular claims, and emergency benefits under her 2010 regular claim. The EDD denied each request. She appealed the EDD's denials of her claims. Administrative law judges reviewed and upheld the EDD's determinations. The Board reviewed and upheld the judges' rulings. Appellant filed and amended a petition for a writ of mandate challenging the Board's rulings. The trial court issued a written order denying the amended petition. That is the order from which she appeals.

## DISCUSSION[3]

The heart of appellant's appeal is her claim that the Board and the trial court misinterpreted the federal statutes and regulations governing emergency benefits.[4] She argues that because they misinterpreted those laws, they erroneously concluded she was not eligible for further emergency or FED-ED benefits under her 2009 claim. As we shall explain, our review of the record discloses the Board and the trial court were correct in concluding that she was not entitled to such benefits.

Appellant's claim involves questions of law. Thus, our standard of review is de novo. (*Gillis v. Dental Bd. of California* (2012) 206 Cal.App.4th 311, 319.) As the claimant, appellant had the burden of establishing her eligibility for additional benefits under her 2009 claim. (*American Federation of Labor v. Unemployment Ins. Appeals Bd*. (1996) 13 Cal.4th 1017, 1024.)

Lang contends she is eligible for emergency benefits under her 2009 regular claim, pursuant to section 4002, subdivision (g)(1) of the Federal Act. The administrative record fails to support her claim. Section 4002, subdivision (g)(1) only authorizes the

---

[3] We recognize that appellant has failed to comply with some of the rules of appellate procedure and that we could presume the trial court's judgment to be correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) We nonetheless address her argument that because the trial court misinterpreted the relevant federal laws and regulations, it erred in concluding that she was ineligible for additional emergency benefits under her 2009 claim.

[4] Appellant often refers to the applicable federal law as H.R. 4213. H.R. 4213 is the enrolled bill which extended the Unemployment Compensation Extension Act of 2010 by amending relevant provisions of the Federal Act to extend the availability of emergency unemployment benefits. (Pub.L. No. 110-252; 26 U.S.C. § 3304 note.)

payment of emergency benefits to a claimant with respect to an expired benefit year *if* the claimant has remaining entitlement to "emergency unemployment compensation with respect to [that expired] benefit year." (§ 4002, subds. (g)(1)(A), (B), (C), (D), (g)(2).) The administrative law judge found that the EDD paid appellant "the remaining benefits under [the previous EUC-8 emergency] claims" through January 11, 2011. Because appellant had no remaining emergency benefits for any expired benefit year, including 2009, the only possible benefit plan year for determining her eligibility for emergency benefits was her most recent benefit plan year. (20 C.F.R. § 615.2(c)(2).) The trial court and the Board correctly concluded she was not entitled to emergency benefits under her 2009 claim.

Appellant further claims she is entitled to receive additional FED-ED benefits under her 2009 regular claim. In order to be eligible for FED-ED benefits, a claimant must be an "exhaustee," which is defined as an individual who is eligible for unemployment and has "received . . . all of the regular compensation that was payable under the applicable State law." (20 C.F.R. §§ 615.4(a), 615.5(a)(1)(i).) An individual ceases to be an exhaustee upon becoming eligible for regular unemployment compensation under any state law. When the individual ceases to be an exhaustee, the FED-ED account for that individual is terminated; and the individual has no further right to any balance in that account. (20 C.F.R. § 615.5(a)(2).) Thus, upon qualifying for regular state benefits under her 2010 claim, appellant was no longer eligible for FED-ED benefits under her 2009 regular claim. (*Ibid.*) The Board and the trial court correctly interpreted the relevant federal law in concluding appellant was not entitled to additional FED-ED benefits under that claim.

Commendably, appellant persisted in seeking and obtaining employment. She received all of the regular unemployment benefits for which she was eligible under her claims based upon her income during the applicable base periods. In addition, she received all of the emergency and FED-ED benefits to which she is entitled under the applicable statutes and regulations.

4

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

Barbara Lane, Judge

Superior Court County of Ventura

_____

Dong Lang, in pro. per., for Appellant.

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Senior Assistant Attorney General, Leslie P. McElroy, Supervising Deputy Attorney General, Phillip J. Matsumoto, Malinda Lee, Deputy Attorneys General, for Respondent.